## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GLOBAL DIRECT SALES, LLC, PENOBSCOT INDIAN NATION, CHRISTOPHER RUSSELL and RYAN HILL, | ) ) ) ) | Case No.: 8:08-cv-02468 |
| Plaintiffs, | ) ) | |
| -v- | ) ) | |
| AARON KROWNE, individually and d/b/a THE MORTGAGE LENDER IMPLOD-O-METER and ML-IMPLODE.COM, KROWNE CONCEPTS, INC., IMPLODE-EXPLODE HEAVY INDUSTRIES, INC., JUSTIN OWINGS, KRISTA RAILEY, STREAMLINE MARKETING, INC. and LORENA LEGGETT, | ) ) ) ) ) ) ) ) | Assigned: Hon. Deborah K. Chasanow |
| Defendants. | ) ) ) | |

### ANSWER

Defendants Aaron Krowne ("Krowne"), Krowne Concepts, Inc. ("KCI"), Implode-Explode Heavy Industries, Inc. ("IEHI"), Justin Owings ("Owings"), Krista Railey ("Railey"), Streamline Marketing, Inc. ("SMI") and Lorena Leggett ("Leggett") (collectively "Defendants"), hereby answer the Complaint as follows:

### RULE 7.1 DISCLOSURE STATEMENT

Defendant Krowne Concepts, Inc. states that there is no parent corporation or any publicly held corporation that owns 10% or more of its stock.

Defendant Implode-Explode Heavy Industries, Inc. states that there is no parent corporation or any publicly held corporation that owns 10% or more of its stock.

1

Defendant Streamline Marketing, Inc. states that there is no parent corporation or any publicly held corporation that owns 10% or more of its stock.

## GENERAL DENIALS

A.    There are no persons or entities by the name of "Mortgage Lender Implode-O-Meter" and "ML-Implode.com." As such, "Mortgage Lender Implode-O-Meter" and "ML-Implode.com" can neither affirm nor deny any allegations.

B.    Defendant Streamline Marketing, Inc. admits that Krista Railey is an employee. Streamline Marketing, Inc. denies that Railey is a principal of Streamline Marketing, Inc., as alleged in Paragraph 13, and that Railey wrote the subject article "through her company" as alleged in Paragraph 5. Streamline Marketing, Inc. lacks knowledge or information sufficient to form a belief about the truth of any other allegations.

## RESPONSES TO ALLEGATIONS

1.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 1.

2.    Krowne, Owings, KCI and IEHI admit that IEHI owns and operates the website at the URL www.ml-implode.com (the "Website"). Railey and Leggett lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 2.

3.    With regard to the allegations of Paragraph 3, Leggett, Krowne, Owings, KCI and IEHI admit that, beginning in our about June 2008, Leggett, on behalf of IEHI (but not on behalf of any other Defendants), contacted Plaintiffs more than once to discuss advertising on the Website. Leggett, Krowne, Owings, KCI and IEHI lack knowledge or information sufficient to form a belief about whether such solicitations continued into August 2008. Leggett, Krowne, Owings, KCI and IEHI deny that Plaintiffs advised Leggett, in or about August 2008, that they

2

would not advertise on the Website.   Railey lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 3.

4.      With regard to the allegations of Paragraph 4, Krowne, Owings, KCI, IEHI and Railey admit that Railey and IEHI published an article on a subdomain of the Website, at www.whistleblower.ml-implode.com (the "Whistleblower Subdomain"), on September 15, 2008, and that September 15, 2008, came after August 2008, but otherwise deny all other allegations of Paragraph 4.   Leggett lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 4.

5.      With regard to Paragraph 5, Krowne, Owings, IEHI, KCI and Railey admit that Railey wrote an article.   Krowne, Owings, IEHI, KCI and Railey deny that she wrote the article "through her company Defendant Streamline Marketing, Inc."   Krowne, Owings, IEHI, KCI and Railey further deny that any statements in the subject article were untrue or defamatory, that the publication of the subject article was "retaliatory," or that the publication of the subject article was in any way related to any alleged decision by Plaintiffs to advertise or not on the Website. Railey lacks knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 5.   Krowne, Owings, IEHI and KCI admit that Krowne and Owings are officers and directors of IEHI, and that IEHI owns and operates the Website.   Krowne, Owings, IEHI and KCI deny that any "employee" of IEHI solicited Plaintiffs. Leggett lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 5.

6.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 6.

7.      Defendants deny the allegations of Paragraph 7.

3

8.    Krowne, Owings, IEHI, KCI and Railey deny that they published any defamatory information about Plaintiffs or that they published any information about Plaintiffs "within the state of Maryland, including Montgomery County." They further deny that they published any alleged information "recklessly." Krowne, Owings, IEHI, KCI and Railey deny that Plaintiffs were harmed or injured by any information published on the Website or that any information published on the Website was defamatory. Railey lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 8 concerning any solicitation of Plaintiffs or the residence of Plaintiffs. Krowne, Owings, IEHI, KCI and Leggett deny that Defendants solicited, contracted, and/or contacted Plaintiffs in Maryland. Leggett lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 8. Krowne, Owings, IEHI and KCI lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 8, which concern the residence of any of the Plaintiffs.

9.    Krowne, Owings, IEHI, KCI and Railey admit that Plaintiff Penobscot Indian Nation ("PIN") is a federally recognized Native American Government. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 9. Leggett lacks knowledge or information sufficient to form a belief about the truth of any of the allegations of Paragraph 9.

10.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 10.

11.   Krowne, Owings, IEHI and KCI admit that Krowne is an adult individual residing in Atlanta, Georgia. They deny that Krowne is a "principal" of KCI and IEHI, but admit that Krowne is a director and officer of KCI and IEHI. They deny that Krowne owns and operates

4

the Website, but admit that IEHI owns and operates the Website and that IEHI controls some of the content contained thereon. Krowne, Owings, IEHI and KCI deny all other allegations of Paragraph 11. Railey and Leggett lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 11.

12.     Krowne, Owings, IEHI and KCI admit that Owings is an adult individual but deny that Owings resides in Atlanta, Georgia. They deny that Owings is a "principal" of IEHI, but admit that he is an officer and director of IEHI. They deny that Owings owns and operates the Website, but admit that IEHI owns and operates the Website and that IEHI controls some of the content contained thereon. Railey and Leggett lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 12.

13.     Krowne, Owings, IEHI, KCI and Railey admit that Railey is an adult individual. They deny that her work address is 1906 Oceanside Blvd. #Y, Oceanside, California 92054. They admit that Railey wrote the article posted on the Website but deny that the article was untrue or defamatory. Krowne, Owings, IEHI and KCI lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 13. Railey denies that she is a principal of Streamline Marketing, Inc. Railey admits that she contacted Plaintiff, but denies that she made that contact in the State of Maryland. Leggett lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 13.

14.     Krowne, Owings, IEHI, KCI and Leggett admit that Leggett is an adult individual, and that she contacted an individual at Global Direct Sales, LLC to discuss advertising on the Website. They otherwise deny the allegations of Paragraph 14. Railey lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 14.

15.     With regard to Paragraph 15, Defendants incorporate by reference their response to Paragraph 9.

16.     With regard to Paragraph 16, Defendants incorporate by reference their response to Paragraph 9.

17.     Railey admits that Plaintiffs' press releases, websites and other publicly available information support the allegations of paragraph 17.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegation of Paragraph 17.

18.     Railey admits that Plaintiffs' press releases, websites and other publicly available information support the allegations of Paragraph 18.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegation of Paragraph 18.

19.     Railey admits that Plaintiffs' press releases, websites and other publicly available information support the allegations of Paragraph 19.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegation of Paragraph 19.

20.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 20.

21.     Leggett lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 21.  The remaining Defendants admit that PIN receives fees from sellers, deny that "all gift funds are provided by PIN," and otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 21.

22.     Leggett lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 22.  The remaining Defendants admit that PIN provides grants

towards homebuyers' down payments, and otherwise lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 22.

23.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 23.

24.     Railey admits that Plaintiffs' press releases, websites and other publicly available information support the allegations of Paragraph 24.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegation of Paragraph 24.

25.     Railey admits that Plaintiffs' press releases, websites and other publicly available information support the allegations of Paragraph 25.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegation of Paragraph 25.

26.     Railey admits that, according to Plaintiffs' website, sellers must certify that the sale price has not been increased to account for the seller's contribution to GAP, as alleged in Paragraph 26.  Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegation of Paragraph 26.

27.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 27.

28.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 28.

29.     Leggett lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 29.  The remaining Defendants admit that HUD stipulated to the quoted language as a settlement of a litigation between HUD and PIN.

30.     Railey lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 30.  The remaining Defendants admit that Leggett contacted an

individual at Global Sales Direct, LLC, to discuss advertising on the Website, in or about June 2008, on behalf of IEHI, but otherwise deny the allegations of Paragraph 30.

31.     Leggett, Krowne, Owings, IEHI and KCI admit that IEHI carefully screens companies it is considering allowing to advertise on the Website.  Railey lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 31.

32.     Krowne, Owings, IEHI, KCI and Leggett deny the allegations of Paragraph 32. Railey lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 32.

33.     Leggett lacks sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 33.  The remaining Defendants deny that they were advised of anything by Defendants as alleged in Paragraph 33.

34.     Leggett admits that she had contacted Plaintiffs to discuss advertising on the Website.  Leggett otherwise denies the allegations of Paragraph 34.  The remaining Defendants deny that they were contacting Plaintiffs as alleged in Paragraph 34.

35.     The Defendants deny the allegations of Paragraph 35.

36.     With regard to Paragraph 36, Defendants incorporate by reference their response to Paragraph 4.

37.     Leggett lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 37.  The remaining Defendants deny that the article contained any untrue or defamatory statements.

38.     Leggett lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 38.  The remaining Defendants deny the allegations of Paragraph 38.

39.     Leggett, Krowne, Owings, IEHI, and KCI lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 39. Railey admits that the words quoted in Paragraph 39 are the substance of Russell's comments to her but are not the exact words spoken. Railey denies that the attribution of the substance of the quote to Mr. Russell was false.

40.     Leggett lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 40. The remaining Defendants deny the allegations of Paragraph 40.

41.     Krowne, Owings, IEHI and KCI deny that Krowne is the owner, publisher, or "general management" of the Website, but otherwise admit the allegations of Paragraph 41. Leggett and Railey lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 41.

42.     Leggett lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 42. Krowne, Owings, IEHI, KCI and Railey admit that Owings has editorial privileges with regard to Railey's "The FHA Mortgage Whistleblower" web page. Railey lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 42. Krowne, Owings, IEHI and KCI admit that Owings participates in general management, forum moderation, and marketing for the Website, and that Owings is the chief financial officer of IEHI. They deny that Owings is an owner of the Website.

43.     Krowne, Owings, IEHI and KCI admit that, in late 2007, the Website's ownership passed from KCI to IEHI. They deny that Krowne and Owings are principals of IEHI, but admit

that Krowne and Owings are directors and officers of IEHI.  Leggett and Railey lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 43.

44.     Krowne, Owings, IEHI and KCI deny the allegations of Paragraph 44.  Leggett and Railey lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 44.

45.     With regard to Paragraph 45, Defendants incorporate their response to Paragraph 3 by reference.

46.     Krowne, Owings, IEHI and KCI deny the allegations of Paragraph 46.  Leggett and Railey lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 46.

47.     Paragraph 47 states a legal conclusion to which no response is required.  To the extent that an answer is necessary, Defendants deny the allegations contained in Paragraph 47.

48.     Krowne, Owings, IEHI and KCI admit the allegations of Paragraph 48.  Leggett and Railey lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 48.

49.     Railey, Krowne, Owings, IEHI, and KCI admit that Railey published articles under a banner titled "The Whistleblower" on Google, and now publishes articles under the banner "The FHA Mortgage Whistleblower" on the Whistleblower Subdomain.  Leggett and Railey lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 49.

50.     Railey admits that she spoke with Plaintiff Russell by calling a phone number in the 202 area code, and that she represented that she was doing a story for the Whistleblower Subdomain.  Railey lacks knowledge or information sufficient to form a belief about the truth of

the allegation concerning Plaintiff Russell's location at the time of the phone call, as alleged in Paragraph 50. All other Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 50.

51.     With regard to Paragraph 51, Defendants incorporate by reference their response to Paragraph 5.

52.     Railey, Krowne, Owings, IEHI and KCI admit the allegations of Paragraph 52. Leggett lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 52.

53.     Leggett, Krowne, Owings, IEHI and KCI deny that any employee for the Website contacted Plaintiffs or that anyone who contacted Plaintiffs on behalf of any of the Defendants was a sales manager for the "Niche Report." Leggett, Krowne, Owings, IEHI and KCI lack knowledge or information sufficient to form a belief about whether Plaintiffs previously advertised on the "Niche Report" as alleged in Paragraph 53. Railey lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 53.

54.     Krowne, Owings, IEHI and KCI admit that the Website "seek[s] to provide a historical record, preserving indefinitely our lists, discussions, and linked articles, so that it might be impossible and inexcusable to forget the debacle that is now unfolding." Leggett and Railey deny the allegations of Paragraph 54 to the extent those allegations purport to describe any acts or omissions by Leggett or Railey. Leggett and Railey otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 54.

55.     Krowne, Owings, IEHI, and KCI admit that IEHI controls editorially certain portions of the Website and admit that they emphasize the credibility and insight of a report over name recognition or organizational reputation, but otherwise deny the allegations of Paragraph

11

55.  Leggett and Railey deny the allegations of Paragraph 55 to the extent those allegations purport to describe any acts or omissions by Leggett or Railey.  Leggett and Railey otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 55.

56.     Krowne, Owings, IEHI, and KCI admit that IEHI controls editorially certain portions of the Website, and that with regard to the Implodes and Ailing Watch Lists, IEHI requires that all leads on companies be supported by multiple independent sources, but otherwise deny the allegations of Paragraph 56.  Leggett and Railey deny the allegations of Paragraph 56 to the extent those allegations purport to describe any acts or omissions by Leggett or Railey. Leggett and Railey otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 56.

57.     Krowne, Owings, IEHI and KCI admit that, at the end of 2007, the ml-implode.com website (but not the whistleblower.ml-implode.com website) received approximately 100,000 unique visits per day, but are without knowledge or information sufficient to form a belief as to whether each unique visit represented a different person.  Leggett and Railey otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 57.

58.     Railey, Krowne, Owings, IEHI, and KCI deny the allegations of Paragraph 58. Leggett denies the allegations of Paragraph 58 to the extent those allegations purport to describe any acts or omissions by Leggett.  Leggett otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 58.

59.     Defendants repeat each and every response contained in the preceding paragraphs of this Answer as though fully set forth herein.

60.     Defendants deny the allegations of Paragraph 60 (erroneously labeled "Paragraph 53").

61.     Defendants deny the allegations of Paragraph 61 (erroneously numbered "59").

62.     Defendants deny the allegations of Paragraph 62 (erroneously numbered "60").

63.     Defendants deny the allegations of Paragraph 63 (erroneously numbered "61").

64.     Defendants deny the allegations of Paragraph 64 (erroneously numbered "62").

65.     Defendants repeat each and every response contained in the preceding paragraphs of this Answer as though fully set forth herein.

66.     Defendants deny the allegations of Paragraph 66 (erroneously numbered "56").

67.     Defendants deny the allegations of Paragraph 67 (erroneously numbered "63").

68.     Defendants Krowne, Owings, IEHI, KCI and Railey admit that they intentionally published an article on September 15, 2008, but otherwise deny the allegations of Paragraph 68 (erroneously numbered "64").  Leggett denies the allegations of Paragraph 68.

69.     Defendants deny the allegations of Paragraph 69 (erroneously numbered "57").

70.     Defendants repeat each and every response contained in the preceding paragraphs of this Answer as though fully set forth herein.

71.     Defendants deny the allegations of Paragraph 71 (erroneously numbered "59").

72.     Defendants deny the allegations of Paragraph 72 (erroneously numbered "65").

73.     Defendants deny the allegations of Paragraph 73 (erroneously numbered "62").

74.     Defendants repeat each and every response contained in the preceding paragraphs of this Answer as though fully set forth herein.

75.     Defendants deny the allegations of Paragraph 75 (erroneously numbered "64").

76.     Paragraph 76 (erroneously numbered "65") comprises argument that is not amenable to affirmation or denial.

77.     Defendants deny the allegations of Paragraph 77 (erroneously numbered "66").

78.     To the extent any allegation set forth in the Complaint is not specifically answered above, it is hereby denied.

79.     Defendants demand a jury trial on all issues so permitted.

### AFFIRMATIVE DEFENSES

80.     Mortgage Lender Implode (www.ml-implode.com) is a highly respected website that features news, investigative reports and public commentary about financial issues of significant public interest, specifically the mortgage lending and home finance business.

81.     Mortgage Lender Implode (the "Website") is owned and operated by Implode-Explode Heavy Industries, Inc. ("IEHI"), a corporation organized under the laws of Nevada. IEHI has owned and operated the Website at all times relevant to this litigation.

82.     Krowne Concepts, Inc. ("KCI") is a corporation organized under the laws of Nevada.  At one time, KCI owned the Website, but transferred that asset to IEHI on September 1, 2007.

83.     Aaron Krowne is an individual residing in Atlanta, Georgia.  He is an officer and director of IEHI and KCI.

84.     Justin Owings is an individual residing in Augusta, Georgia.  He is an officer and director of IEHI.

85.     Krista Railey is an individual residing in Canyon Lake, California.  She is a mortgage professional and a freelance investigative journalist who writes on issues affecting the mortgage industry.  She has a column, "The FHA Mortgage Whistleblower," on a subdomain of

the Website at www.whistleblower.ml-implode.com.  Railey wrote the article that is the subject

of this lawsuit (the "Article").

86.     Lorena Leggett is an individual residing in Trabuco Canyon, California.  She is a

freelance marketing professional.  She was contracted by IEHI to develop advertising leads.

87.     Plaintiff PIN is a governmental entity that purports runs a public program (the

Grant America Program).  Plaintiffs Global Direct Sales, LLC, Russell Hill and Christopher

Russell are outspoken proponents of seller-funded down-payment assistance programs such as

the one they created with PIN.

88.     On or about September 9, 2008, Railey posted an article to the Whistleblower

Subdomain with the intent that it be reviewed and edited before being made available to the

public at large.  The article accidentally became publicly available before it was edited.

89.     On or about September 10, 2008, the pre-publication version was removed from

public view after receiving a complaint by Plaintiff Russell.

90.     On September 15, 2008, Railey and IEHI posted an amended version of the

Article.  The amended version removed some particular phrases, but was substantively the same

as the pre-publication version.

91.     All statements made in both the final and pre-publication versions of the Article

were truthful, either literally or substantially.

92.     At no time before publishing the Article did Railey have any knowledge or

information concerning discussions between Leggett and Plaintiffs about advertising, or

concerning any decisions by IEHI or Plaintiffs about whether to have advertisements by

Plaintiffs on the Website.

93.     At all relevant times, Railey acted in accordance with journalistic standards.

First Affirmative Defense

94.     Defendants reallege and incorporate by reference all preceding paragraphs set forth herein.

95.     The statements complained of are protected under the First and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of Maryland.

96.     Interpretation of the laws at issue in such a fashion as to make such publication wrongful would make such laws unconstitutional to the extent so interpreted.

97.     The injunctive relief that Plaintiffs seek in this case would be an unconstitutional prior restraint upon Defendants' right of free speech and the public's right to a free press.

Second Affirmative Defense

98.     Defendants reallege and incorporate by reference all preceding paragraphs set forth herein.

99.     The Complaint fails to state a claim upon which relief can be granted.

Third Affirmative Defense

100.     Defendants reallege and incorporate by reference all preceding paragraphs set forth herein.

101.     The statements complained of are substantially true.

Fourth Affirmative Defense

102.     Defendants reallege and incorporate by reference all preceding paragraphs set forth herein.

103.     The statements complained of are a fair and impartial account of events of public concern and are thus privileged.

16

<u>Fifth Affirmative Defense</u>

104.    Defendants reallege and incorporate by reference all preceding paragraphs set forth herein.

105.    Plaintiff PIN, as a governmental entity, is a public figure.

106.    Plaintiffs Global Sales Direct, LLC, Russell and Hill, by reason of their activities and positions at or about the time of the publication complained of, were public figures.

107.    The statements complained of, to the extent they could be false, were published in good faith and are constitutionally protected under the standards set forth in <u>New York Times v. Sullivan</u>.

<u>Sixth Affirmative Defense</u>

108.    Defendants reallege and incorporate by reference all preceding paragraphs set forth herein.

109.    Statements complained of qualify as protected opinion.

<u>Seventh Affirmative Defense</u>

110.    Defendants reallege and incorporate by reference all preceding paragraphs set forth herein.

111.    The statements complained of are not libelous per se and Plaintiffs have failed to allege facts sufficient to warrant the imposition of alleged special damages.

<u>Eighth Affirmative Defense</u>

112.    Defendants reallege and incorporate by reference all preceding paragraphs set forth herein.

113.     The statements complained of are absolutely or qualifiedly privileged under the First and Fourteenth Amendments to the United States Constitution, under the Maryland Constitution, and under the common law.

114.     Plaintiffs cannot overcome any such privilege in this case.

Ninth Affirmative Defense

115.     Defendants reallege and incorporate by reference all preceding paragraphs set forth herein.

116.     Plaintiffs have failed to allege facts sufficient to warrant the imposition of any alleged general damages.

Tenth Affirmative Defense

117.     Defendants reallege and incorporate by reference all preceding paragraphs set forth herein.

118.     Plaintiffs have failed to allege facts sufficient to warrant the imposition of any alleged exemplary or punitive damages.

119.     Furthermore, the imposition of exemplary or punitive damages in this case would violate the First and Fourteenth Amendments to the United States Constitution.

Eleventh Affirmative Defense

120.     Defendants reallege and incorporate by reference all preceding paragraphs set forth herein.

121.     Defendants did not breach any standard of care owed to Plaintiffs.

Twelfth Affirmative Defense

122.     Defendants reallege and incorporate by reference all preceding paragraphs set forth herein.

123.    Plaintiff PIN cannot sustain this action because it is a government entity.

Thirteenth Affirmative Defense

124.    Defendants reallege and incorporate by reference all preceding paragraphs set forth herein.

125.    Plaintiffs cannot sustain this action because the statements complained of, to the extent they could be of and concerning Plaintiffs and could be false, did not cause any incremental harm to them beyond the non-libelous or privileged statements in the Article.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants seek relief against Plaintiffs as follows:

1.    Dismissing all of Plaintiffs' claims with prejudice;

2.    Entering declaratory judgment in favor of Defendants and against Plaintiffs, declaring that the Article has not defamed Plaintiffs;

3.    Awarding Defendants their costs and attorney fees; and

4.    Awarding Defendants such other relief as is just and equitable under the circumstances.

Dated: November 18, 2008                    By:  /s/ Julie S. Turner

Julie S. Turner
TURNER BOYD LLP
2625 Middlefield Rd., #675
Palo Alto, CA  94306
(650) 494-1530

Henry Abrams , Trial Bar No.:  03563
SAUL EWING, LLP
Lockwood Place
500 East Pratt Street, Suite 900
Baltimore, MD 21202-3171
(410) 332-8756

ATTORNEYS FOR DEFENDANTS

19

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of November, 2008, a copy of

Defendants' Answer and Disclosure of Corporate Interest, were sent via e-mail to Gary E.

Mason, Esquire and Monica C. DiCocco, Esquire, The Mason Law Firm, LLP, 1225 19th Street

Northwest, Washington, D.C. 20036; and to Michael L. Braunstein, Esquire, Kantrowitz,

Goldhamer & Graifman, P.C. 747 Chestnut Ridge Road, Chestnut Ridge, N.Y. 10977.

_____

Henry R. Abrams