```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
                                    :
CHRISTOPHER RUSSELL, ET AL.
                                    :
     v.                             :  Civil Action No. DKC 2008-2468
                                    :
AARON KROWNE, ET AL.
                                    :
```

**MEMORANDUM OPINION**

Presently pending and ready for review in this defamation case are (1) the motion to dismiss pursuant to Maryland Code Annotated, Courts and Judicial Proceedings § 5-807 filed by Defendants Implode-Explode Heavy Industries, Inc. and Krowne Concepts, Inc. (Paper 59), and (2) a motion to join Defendants' motion to dismiss filed by Defendant Krista Railey (Paper 71). The issues are fully briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant Railey's motion will be granted and Defendants' motion to dismiss will be denied.

**I.   Background**

On January 24, 2007, Plaintiff Penobscot Indian Nation ("PIN"), a federally recognized Native American government and municipality of the State of Maine, created The Grant American Program ("GAP"). (Paper 1 ¶ 1). GAP is a national program that gives down payment assistance funds to low to moderate income

families so they can purchase a home. Although GAP is entirely owned by PIN, Plaintiff Global Directs Sales, LLC ("GDS") operates and manages the program. GDS is a Maryland limited liability company, and its principals, Plaintiffs Christopher Russell and Ryan Hill, are residents of Maryland. Defendant Implode-Explode Heavy Industries, Inc. ("IEHI") and Krowne Concepts own and operate the "Mortgage Lender Implode-O-Meter" and the website www.ml-implode.com (collectively the "Website").

Between June and August 2008, Lorena Leggett, on behalf of Defendant IEHI, solicited Plaintiff GDS to advertise on the website. (*Id.* ¶ 30). GDS declined to advertise on the Website. (*Id.* ¶ 35). Defendant Krista Railey, a California resident, is a forum-moderator on the Website. (*Id.* ¶¶ 13, 52). On or about September 15, 2008, Railey posted an article on the Website that she had written about Plaintiffs. (*Id.* ¶¶ 36, 51). While Railey was working on the article, she conducted an interview of Russell. (*Id.* ¶ 50).

On September 19, 2008, Plaintiffs filed a complaint against Defendants for defamation, libel, and unfair business practices. (Paper 1). Plaintiffs contend that the article contained a number of untrue and defamatory statements. (*Id.* ¶ 37). Plaintiffs allege that the article was published as retaliation because GDS declined to advertise on the Website. (*Id.* ¶ 59).

On November 18, 2008, Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), arguing that Defendants Krowne, Owings, and Leggett had insufficient connections to Maryland for the court to exercise personal jurisdiction over them and that Plaintiffs failed to state a claim against these three Defendants.  (Paper 31).  The court found that personal jurisdiction was lacking over Defendants Krowne, Owings, and Leggett and dismissed Plaintiffs' complaint for lack of personal jurisdiction.  (Paper 49).  On February 19, 2010, the court dismissed without prejudice Defendant Streamline Marketing, Inc.  (Paper 85).

On November 11, 2009, Defendants Implode-Explode Heavy Industries, Inc. and Krowne Concepts, Inc. filed a motion to dismiss pursuant to Maryland Code Annotated, Courts and Judicial Proceedings § 5-807.  (Paper 59).  Defendant Railey filed a motion to join Defendants' motion to dismiss on November 11, 2009, which will be granted.  (Paper 71).

**II. Special Motion to Dismiss pursuant to Maryland Code Annotated, Courts and Judicial Proceedings § 5-807**

Defendants argue that Plaintiffs' case is a Strategic Lawsuit Against Public Participation ("SLAPP") as defined by Md. Code Ann., Cts. & Jud. Proc. § 5-807.  Defendants contend, "Plaintiffs' suit is directed at protected expression materially related to Defendants' communication with the public at large

regarding an issue of public concern, and is intended to inhibit such expression." (Paper 60, at 1). Defendants assert that Maryland's anti-SLAPP law prohibits lawsuits such as this one and that the case should be dismissed.

Plaintiffs respond that their lawsuit is not an anti-SLAPP lawsuit, but was brought in good faith seeking redress for an untrue and defamatory article that was published in retaliation for Plaintiffs' refusal to advertise on the Website. (Paper 72, at 1). Plaintiffs also assert that Maryland's anti-SLAPP statute only applies to matters within the authority of a government body, and that Defendants' article made defamatory statements that were unrelated to matters within the authority of a government body. (*Id.*).

A threshold matter, which the parties address, is whether Maryland's anti-SLAPP statute is predominantly procedural, conflicts with the Federal Rules of Civil Procedure, and therefore does not apply in this diversity action which is governed by the Federal Rules of Civil Procedure.

### A. Maryland's Anti-SLAPP Statute

Md. Code Ann., Cts. & Jud. Proc. § 5-807(b) provides, in pertinent part:

> (b) A lawsuit is a SLAPP suit if it is:
>
> (1) Brought in bad faith against a party who has communicated with a federal, State, or local government body or the public at large

>    to report on, comment on, rule on,
>    challenge, oppose, or in any other way
>    exercise rights under the First Amendment of
>    the U.S. Constitution or Article 10, Article
>    13, or Article 40 of the Maryland
>    Declaration of Rights regarding any matter
>    within the authority of a government body;
>
>    (2) Materially related to the defendant's
>    communication; and
>
>    (3) Intended to inhibit the exercise of
>    rights under the First Amendment of the U.S.
>    Constitution or Article 10, Article 13, or
>    Article 40 of the Maryland Declaration of
>    Rights.

The statute exempts defendants from liability under the circumstances listed in § 5-807(c):

>    (c) A defendant in a SLAPP suit is not
>    civilly liable for communicating with a
>    federal, State, or local government body or
>    the public at large, if the defendant,
>    without constitutional malice, reports on,
>    comments on, rules on, challenges, opposes,
>    or in any other way exercises rights under
>    the First Amendment of the U.S. Constitution
>    or Article 10, Article 13, or Article 40 of
>    the Maryland Declaration of Rights regarding
>    any matter within the authority of a
>    government body.

The statute allows defendants to move to dismiss the case by a special motion such as the one filed in this case:

>    (d) A defendant in an alleged SLAPP suit may
>    move to:
>
>    (1) Dismiss the alleged SLAPP suit, in which
>    case the court shall hold a hearing on the
>    motion to dismiss as soon as practicable; or
>
>    (2) Stay all court proceedings until the
>    matter about which the defendant

5

>     communicated to the government body or the
>     public at large is resolved.

*Id.* at § 5-807(d).

**B.   Analysis**

Under the *Erie* doctrine, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts reviewing state law claims generally apply federal procedural law and state substantive law.  *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965).  This rule applies to state law claims in diversity jurisdiction cases. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).

Maryland's anti-SLAPP statute is limited in its scope and appears not to conflict with the Federal Rules of Civil Procedure.  The statute only provides that a defendant in an alleged SLAPP suit may move to dismiss or stay the suit.  It does not prescribe any particular procedure to be followed. This alone does not conflict with Fed.R.Civ.P. 12(b)(6).

Moreover, Subsection (c), which may be substantive, describes a type of defense, such as privilege or immunity. Such issues can be dealt with under federal procedure, either Rule 12(b)(6) for dismissal or Rule 56 for summary judgment. Here, the parties submit materials beyond the complaint itself, thus making Rule 56 applicable.  A review of those materials makes manifest that Defendants have not proven as a matter of

law that this is a SLAPP lawsuit or that they are entitled to the spare privilege that the statute may afford. There are genuine issues of material fact as to whether this lawsuit is a SLAPP suit because the parties dispute whether the suit was brought in bad faith and whether the allegedly defamatory article was regarding any matter within the authority of a government body. Additionally, there is a genuine issue of material fact as to Defendants' civil liability because the parties dispute whether Defendants maliciously published the article. Therefore, Defendants' motion will be denied.[1]

### III. Conclusion

For the foregoing reasons, Defendant Railey's motion to join Defendants' motion to dismiss will be granted and Defendants' motion to dismiss pursuant to Md. Code Ann., Cts. & Jud. Proc. § 5-807 will be denied. A separate Order will

---

[1] The court notes that Defendants waited over a year after this lawsuit was filed to bring this anti-SLAPP dismissal motion. Other courts have indicated that anti-SLAPP motions should be filed promptly and not in the middle of litigation. *See, e.g.*, *Chevron Global Technology Services Co. v. Little*, No. C-06-3157 MMC., 2007 WL 2021804, *4 (N.D.Cal. July 10, 2007)(stating that there was no reason for the court to conduct an anti-SLAPP analysis at a late stage in the litigation and quoting *Kunysz v. Sandler*, 146 Cal.App.4th 1540, 1543 (Cal.Ct.App. 2007), which stated, "[t]he same issues raised by . . . [defendant's] anti-SLAPP motion could just as easily have been raised by, for example, a motion for summary judgment or a motion for judgment on the pleadings.").

follow. The court earlier stayed the scheduling order. The parties will be directed to submit a joint proposal for completing discovery.

                                    _____/s/_____
                                    DEBORAH K. CHASANOW
                                    United States District Judge