IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTOPHER RUSSELL, et al. :

v. : Civil Action No. DKC 08-2468

AARON KROWNE, et al. :

**MEMORANDUM OPINION**

Presently pending and ready for review in this defamation case is the motion to vacate entry of default filed by Defendants Implode-Explode Heavy Industries, Inc. ("IEHI") and Krowne Concepts, Inc. (ECF No. 117). The issues have been briefed, and the court now rules, no hearing deemed necessary. Local Rule 105.6. For the following reasons, the Defendants' motion will be granted.[1]

## I. Background

### A. Factual Background

The complaint alleges the following facts, unless otherwise noted. Plaintiff Penobscot Indian Nation ("PIN") is a federally-recognized Native American Government located in Maine. PIN created the Grant America Program ("GAP"), which is

[1] Plaintiffs have moved for default judgment as to liability against Defendants IEHI and Krowne Concepts, and for summary judgment as to Defendant Railey. (ECF No. 114). Because the defaults against IEHI and Krowne Concepts will be vacated, and to prevent potentially inconsistent rulings with respect to all Defendants, this motion will be denied without prejudice.

a national program that "provides low to moderate-income homebuyers with a down payment grant to be used towards the purchase of a home." (ECF No. 1 ¶ 1). Plaintiff Global Direct Sales, LLC ("Global Direct"), a Maryland limited liability company with its principal place of business in Maryland, entered into an agreement with PIN whereby Global Direct would "develop, organize and operate" GAP.

Defendant Implode-Explode Heavy Industries, Inc., and Defendant Krowne Concepts, Inc., own and operate a website called "ml-implode.com." The "mission" of the website is "transparency, education and accountability." (ECF No. 1 ¶ 48). On September 15, 2008, Defendants published an article regarding Plaintiffs on the website. (*Id.* ¶ 36). Among other statements, the Article, written by Defendant Krista Railey, calls GAP a "scam"; links Plaintiffs Christopher Russell and Ryan Hill to another "seller-funded down payment scam"; suggests GAP is not HUD-approved, describes the seller contributions as "concessions"; and accuses PIN of laundering down payments for a fee. (*Id.* ¶ 37).

**B. Procedural Background**

On September 19, 2008, PIN, Global Direct, Mr. Russell, and Mr. Hill filed a complaint based on diversity jurisdiction asserting four causes of action against seven total defendants. (ECF No. 1). The following claims are advanced: (1)

defamation; (2) libel; (3) unfair business practice; and (4) injunctive relief.  Plaintiffs sought a preliminary injunction to halt publication of the Article (ECF No. 11), but the court denied their motion (ECF No. 28).  Defendants filed an answer on November 18, 2008.  (ECF No. 29).

Three of the original defendants were dismissed for lack of personal jurisdiction.  (ECF Nos. 48, 49).  A fourth defendant, Streamline Marketing, Inc. ("Streamline"), was dismissed without prejudice.  (ECF Nos. 85, 86).[2]  On July 12, 2010, the court denied the remaining Defendants' special motion to dismiss pursuant to Maryland's "anti-SLAPP" statute,[3] Md. Code Ann., Cts. & Jud. Proc. § 5-807.  (ECF Nos. 92, 93).

On April 27, 2011, and May 9, 2011, counsel for IEHI and Krowne Concepts filed motions to withdraw as attorneys (ECF Nos. 98, 101), which were granted on May 31, 2011 (ECF No. 104).  In its letter-order granting the withdrawal, the court informed IEHI and Krowne Concepts that, as corporate entities, they must be represented by new counsel; otherwise, they would be subject to default.  (*Id.*).  When IEHI and Krowne Concepts failed to

---

[2] Ms. Railey, the author of the article, is an employee of Streamline.

[3] "SLAPP" is short for "Strategic Lawsuit Against Public Participation."

respond appropriately within the requisite time period, default was entered against them. (ECF No. 107).

On September 28, 2011, Plaintiffs filed a motion for default judgment against IEHI and Krowne Concepts. (ECF No. 109). Aaron Krowne filed several documents in an attempt to respond on behalf of the corporate Defendants. (*See* ECF Nos. 105, 110). As corporate entities, however, IEHI and Krowne Concepts can only be represented by counsel, *see* Local Rule 101.1.a, and Mr. Krowne's filings could not be considered. Nonetheless, Plaintiffs' motion was denied on April 9, 2012. (ECF Nos. 112-13). On July 6, represented by new counsel, IEHI and Krowne Concepts filed a motion to vacate the entry of default against them (ECF No. 117), which Plaintiffs oppose.

## II. Standard of Review

Pursuant to Fed.R.Civ.P. 55(c), a court may "set aside an entry of default for good cause." Because the Fourth Circuit has a "strong policy that cases be decided on their merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), a motion to set aside a default must be "'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments,'" *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 421 (4th Cir. 2010) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)). As a result, "[a]ny doubts about whether

relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson*, 411 F.2d at 130.

"Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). To establish a meritorious defense, the moving party should proffer evidence that would permit a finding for the defaulting party. *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988). The following factors should also be considered in considering a Rule 55(c) motion: "the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006).

**III. Analysis**

IEHI and Krowne Concepts contend that, pursuant to the *Payne* factors, good cause exists to set aside the clerk's entries of default. Plaintiffs counter that the default should not be vacated because of the amount of time that has elapsed since default was entered, Defendant Railey's statements as to the article's falsity, and Defendants' personal responsibility for the default.

**A. Meritorious Defenses**

In order for a defense to be meritorious, a defendant must make a factual showing that "would permit a finding for the defaulting party." *Augusta Fiberglass Coatings, Inc.*, 843 F.2d at 812). The burden for proffering a meritorious defense is not onerous; "[a]ll that is necessary to satisfy the meritorious defense requirement is to allege sufficient facts that, if true, would constitute a defense." *U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010); *U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (defendant must "allege[] specific facts beyond simple denials or conclusionary statements"). "The question of whether the factual allegation[s] [are] true is not to be determined by the court when it decides the motion to set aside the default. Rather, that question would be the subject of the later litigation." *Mesle*, 615 F.3d at 1094 (citations omitted).

Defendants have demonstrated, with ample factual support, the viability of four defenses to Plaintiffs' defamation claims: (1) Plaintiffs, by virtue of PIN's status as a federally-recognized Native American Government, are government entities, and as such, under the First Amendment cannot maintain actions for defamation or libel; (2) Plaintiffs cannot meet their burden to prove falsity because the statements included in the article were a matter of public interest and were true; (3) the author,

Railey, was not an agent of the IEHI and Krowne Concepts, and therefore they cannot be held vicariously liable for her actions; and (4) Plaintiffs do not allege that they suffered any harm as a result of Defendants' statements. Defendants' arguments appear to have merit, and if proven, would constitute a complete defense to Plaintiffs' claims.

**B. Reasonable Promptness**

Default was entered against IEHI and Krowne Concepts on June 17, 2011, and they did not move to vacate the entry of default until more than one year later, on July 6, 2012. This delay, by itself, is not dispositive. At least one other district court has found that a delay longer than this did not preclude vacating a default where no prejudice results. *See Holland v. James*, No. 05-5346, 2008 WL 3884354, at *4 (S.D.N.Y. Aug. 21, 2008) (concluding that 21-month delay did not result in actual prejudice to plaintiff because no evidence was lost, difficulties in discovery were not increased, and defendants were not conspiring to conceal relevant information). Rather, the inquiry must focus on actual prejudice to the opposing party.

**C. Prejudice**

When deciding whether to vacate default, as in many other contexts, simple delay does not, in and of itself, constitute prejudice to the opposing party. *Colleton*, 616 F.3d at 418

(citing *Indigo Am., Inc. v. Big Impressions, LLC*, 597 F.3d 1, 4 (1st Cir. 2010)). Here, the mere passage of one year between the entry of default and Defendants' motion does not prejudice Plaintiffs in litigating this case. Further, Plaintiffs fail to show with specificity how they would suffer prejudice if the defaults were set aside. *See Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F.Supp.2d 712, 720 (D.Md. 2001) (explaining that a plaintiff must offer specific ways in which it would be harmed by re-opening a case rather than generic arguments regarding delay). The length and course of the proceedings, even with the default left in place, are unlikely to be materially changed if the IEHI and Krowne Concepts are allowed to pursue the merits of their defenses.[4] This is especially true given that not all defendants are in default. In sum, Plaintiffs will not suffer prejudice if the defaults are set aside.

---

[4] Indeed, no prejudice inheres simply because, after default is vacated, Plaintiff will bear the burden of proving Defendants' liability: "Entry of default raises no protectable expectation that default judgment will follow . . . prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits." *Colleton*, 616 F.3d 413, at 419 n. 6 (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 785 (8th Cir. 1998)).

**D. Personal Responsibility**

In determining whether a default was the willful personal responsibility of a defendant, "the extreme sanction of judgment by default is reserved only for cases where the party's noncompliance represents bad faith or a complete disregard for the mandates of procedure and the authority of the trial court." *Mezu v. Morgan State Univ.*, No. 09-2855, 2010 WL 1068063, at *6 (D.Md. Mar. 18, 2010) (quoting *Mobil Oil Co. de Venez. v. Parada Jiminez*, 989 F.2d 494, 1993 WL 61863, at *3 (4th Cir. 1993) (unpublished table decision)).

Plaintiffs also argue that Defendants' personal responsibility for default counsels against vacating the default. IEHI and Krowne Concepts contend that litigation expenses have driven them to the brink of bankruptcy, and that their default was the result of their inability to secure *pro bono* counsel. Rather than act in bad faith, Mr. Krowne attempted (futilely) to file numerous papers on behalf of the IEHI and Krowne Concepts to oppose the entry of default. (*See, e.g.*, ECF Nos. 105, 108, 110).

**E. Remaining *Payne* Factors**

Finally, Plaintiffs broadly argue that Defendants have a history of dilatory action. The only dilatory behavior that Defendants have displayed in this litigation is their inability to secure counsel after exhausting their financial resources

defending this litigation. They now have trial counsel, and as discussed above, Plaintiffs have not suffered prejudice as a result of the delay in finding replacement representation.

In sum, good cause exists under Rule 55(c) to set aside the defaults. Given this circuit's well-established preference for deciding cases on the merits, IEHI and Krowne Concepts' motion will be granted.

## IV. Conclusion

For the foregoing reasons, the motion to vacate entry of default filed by Defendants IEHI and Krowne Concepts will be granted, and the motion for default judgment, summary judgment, and a permanent injunction will be denied without prejudice. A separate order will follow.

                                                /s/
                                       DEBORAH K. CHASANOW
                                       United States District Judge